Plaintiffs petition claims $350,811.66 is owed under an insurance contract between plaintiff and the Export-Import Bank of the United States (Eximbank). This case is presently before the court on defendant’s motion for summary judgment which requests that the petition be dismissed because the plaintiff has failed to exhaust its administrative remedy. On the basis of the briefs before the court and without oral argument, we deny the defendant’s motion.
On October 1,1975, plaintiff entered into a cost reimbursable contract for consulting engineer services with the Atomic Energy Organization of Iran (AEOI), an agency of the government of Iran. On November 3, 1975, plaintiff entered into a Comprehensive Services Credit Insurance Policy with Eximbank and the Foreign Credit Insurance Association. Subsequently, Eximbank became the sole insurer under the policy, which insures for default by AEOI or political or social events in Iran which prevent payment.
On July 26, 1976, plaintiffs contract was terminated for convenience and plaintiff concluded its work by March 1977. By January 17, 1979, plaintiff had succeeded in obtaining about half of its invoiced charges which were owing at the time work was completed but $350,811.66 remained owing. Because the intervening revolution in Iran *634 appeared to prevent further negotiations, on January 17, 1979, plaintiff filed a claim with Eximbank to recover its losses.
For the past 2 years, plaintiff has engaged in negotiations with Eximbank to obtain payment. Defendant claims that plaintiff has prevented a final agency determination by failing to provide Eximbank with documentary evidence necessary for Eximbank’s review and determination regarding the validity of the claim. Plaintiff alleges that it has complied with all the terms and conditions of the insurance contract and that defendant has breached the contract by failing to process the claim in a timely fashion. See Sun Shipbuilding & Dry Dock Co. v. United States, 198 Ct. Cl. 693, 461 F.2d 1352, cert. denied, 409 U.S. 1023 (1972); Universal Ecsco Corp. v. United States, 181 Ct. Cl. 10, 385 F.2d 421 (1967); New York Shipbuilding Corp. v. United States, 180 Ct. Cl. 446, 385 F.2d 427 (1967). Plaintiff claims that it vigorously pursued its claim with Eximbank by submitting all available evidence of the amount of its claim, addressing every issue raised by Eximbank, and complying with all of Eximbank’s requests for documents and information.
The dispute, regarding the cause of the administrative delay and whether plaintiff has submitted the required documentation, raises a genuine issue of material fact. Defendant has failed to establish that it is entitled to judgment as a matter of law.
Plaintiff has no objection to pursuing the ongoing administrative remedy, provided that Eximbank can and will promptly render a final administrative decision. However, plaintiff felt compelled to file suit because it was in jeopardy of having the 18-month contractual. deadline for filing suit expire. On the facts presently before the court, we find no reason why Eximbank should not be able to issue a final decision, and, therefore, the administrative remedy should be exhausted. If any additional, required documentation is needed, Eximbank should promptly notify plaintiff.
Defendant’s brief raises numerous issues and conditions for collecting under the insurance contract which allegedly have not been satisfied in an effort to explain why plaintiff is not entitled to recover, and argues that this failure on *635 plaintiffs part to prove its case, excuses the delay in the administrative remedy because plaintiff "has failed to make any showing that Eximbank could have made a determination under the Policy with the limited information presented to it,” but Eximbank is not required to wait until plaintiff has proved it is entitled to recover. Eximbank should give plaintiff a reasonable opportunity to prepare and present its esse and then render a decision, stating its reasons on whether plaintiff is entitled to be paid under its policy.
it is therefore ordered that the defendant’s motion for summary judgment is denied.
On September 18, 1981 a stipulation of dismissal was filed, and the petition was dismissed pursuant to Rule 102(a)(l)(ii).